## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OSCAR ROBERTO SANTOS, | * | |
| Petitioner, | * | Civil Action No. RDB-20-2060 |
| v. | * | Crim. Action No. RDB-13-0321 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

On October 19, 2017, *pro se* Petitioner Oscar Roberto Santos ("Santos" or "Petitioner") was found guilty and convicted by a jury on one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count One), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Two). (Jury Verdict, ECF No. 60 (SEALED).) On June 12, 2018, this Court sentenced Petitioner to 135 months of imprisonment as to Count One and 135 months of imprisonment as to Count Two, to run concurrent for a total of 135 months, followed by a 25-year period of supervised release. (Judgment & Commitment Order ("J&C"), ECF No. 81.)

Now pending is Santos's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 100.) The Government has filed a response in opposition. (ECF No. 103.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100) is DENIED.

## BACKGROUND

On June 19, 2013, Santos was charged in a five-Count Indictment with receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(a)(5)(B) (Counts One, Two, Three, Four) and naturalization fraud, in violation of 18 U.S.C. § 1425(a) (Count Five).  (Indictment, ECF No. 1.)  On July 9, 2013, he was released by this Court on his Personal Recognizance.

At a pretrial motions hearing on October 8, 2013, Santos's defense counsel argued for suppression of Santos's statements during a custodial interrogation wherein Santos admitted that he used terms to search for and download child pornography from the internet.  (ECF Nos. 10, 12.)  This Court denied Santos's Motion to Suppress, finding that Santos's statements were voluntarily made, and that Santos's waiver of his *Miranda* rights was knowing and intelligent.  (ECF Nos. 14, 15.)  On November 8, 2013, this Court granted the Government's Motion to Dismiss Counts One, Two, and Five from the Indictment.  (ECF Nos. 17, 19.)  Accordingly, Counts Three and Four in the Indictment were renumbered to Count One (receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)) and Count Two (possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B)).  (*Id.*)

On November 11, 2013, the day before his trial was to commence, Santos's Personal Recognizance was revoked as he had absconded.  (ECF Nos. 18, 20.)  A bench warrant was issued for his arrest on the morning of November 12, 2013 in lieu of the commencement of the trial.  (ECF No. 21.)  Nearly three years later, on October 29, 2016, Santos was arrested in Texas.  (ECF No. 24.)  Santos was returned to the District of Maryland, where a jury trial was scheduled for October 16, 2017.  (ECF No. 35.)

On October 19, 2017 after a four-day jury trial, Santos was found guilty on both Counts (receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). (Jury Verdict, ECF No. 60 (SEALED).)   On June 12, 2018, this Court sentenced Petitioner to 135 months of imprisonment as to Count One and 135 months of imprisonment as to Count Two, to run concurrent for a total of 135 months, followed by a 25-year period of supervised release. (J&C, ECF No. 81.)  Santos was also given credit for time served in federal custody from June 26 to July 9, 2013 and for time served in federal custody since October 29, 2016. (*Id.*)

At trial, the Government presented an expert witness who testified about the "Ares peer-to-peer" file sharing software that Santos used to acquire and share child pornography. (Presentence Investigation Report ("PSR") at 3, ECF No. 63.)   The Government also called a computer forensics expert, Ashley Hoffman, who testified as to the forensic tools she used in examining Santos's electronic devices. (*Id.* at 5.)  Ms. Hoffman had also compiled a list of the search terms entered and a list of the 160 "Ares" downloads performed on Santos's devices, many of which were child pornography. (*Id.*)   Santos's confession to searching for, and obtaining, child pornography was also presented to the jury. (*Id.* at 4.)  The jury found Santos guilty on both Counts and this Court sentenced him to a total term of 135 months' imprisonment. (Jury Verdict, ECF No. 60 (SEALED); J&C, ECF No. 81.)

Santos timely appealed this Court's decision to the United States Court of Appeals for Fourth Circuit. (ECF No. 75.)   On April 10, 2019, the Fourth Circuit affirmed Santos's

conviction and sentence.  (ECF No. 91.); *United States v. Santos*, 767 Fed. App'x 426 (4th Cir. Apr. 10, 2019).

On July 14, 2020, Santos filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (ECF No. 100).  On September 11, 2020, the Government submitted a response in opposition to Santos's Motion.  (ECF No. 103.)  On October 27, 2020, Santos filed a Reply in support of his Motion.  (ECF No. 106.)

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007).  Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack.  *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255).  "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'"  *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016)

4

(quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)).  Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence.  *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).  Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Santos argues that his trial counsel was ineffective for failing "to secure a forensic computer expert despite the existence of clear and compelling reasons to do so."  (ECF No. 100 at 4.)  Santos asserts that a computer forensic expert would have testified that the "Ares peer-to-peer" software program downloaded child pornography without Santos's knowledge. (*Id.* at 5.)

A claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition.  *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991).  To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).  The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness."  *Id.* at 688.  In making this determination, courts apply a strong presumption

that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89.  The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial.  *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'"  *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697).  Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong.  *See Strickland*, 466 U.S. at 697.  The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice.  *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

Santos has failed to satisfy the *Strickland* standard for his ineffective assistance of counsel claim.  The record shows that this Court denied Santos's pre-trial attempt to suppress his confession regarding his search for and download of child pornography from the internet. (ECF Nos. 10, 12, 14, 15.)  Indeed, the Court found that Santos's statements were voluntarily made, and that he knowingly and intelligently waived his *Miranda* rights in making those statements.  (*Id.*)  Accordingly, any attempt by defense counsel at trial to present a computer forensic expert to refute Santos's own confession acknowledging his receipt of child pornography would have been futile.  Indeed, Santos's trial counsel explained in his affidavit that "it was and remains [his] opinion that this case did not require a defense forensic expert" because "Mr. Santos admitted then and admits now to having downloaded the child pornography."  (Gov't Exhibit 1, Affidavit at 2, ECF No. 103-1.)  As a result, Santos's

counsel's decision not to call a forensic expert was a "reasonable strategic decision that did not prejudice" Santos.  *See Beard v. United States*, Civil No. CCB-11-285, Crim. No. CCB-08-141, 2012 WL 5878822, at *1 (D. Md. Nov. 19, 2012) (failure to call defense forensic expert was a "reasonable strategic decision" and not grounds for ineffective assistance of counsel claim).

There is simply no basis to find Santos's counsel was deficient in deciding not to call a computer forensic expert nor did any prejudice result from this decision as Santos's own statements refute any theory that he was not knowingly in receipt of child pornography. Accordingly, Santos's claim for ineffective assistance of counsel fails, and his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100) is DENIED.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 100) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or

wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: October 28, 2020

_____/s/_____
Richard D. Bennett
United States District Judge